

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILLIAM HILL,
                   Petitioner,

       -against-

HAROLD GRAHAM, *Superintendent, Auburn*
*Correctional Facility*,

                   Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

15 Civ. 1235 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

*Pro se* petitioner William Hill ("Petitioner"), a New York state prisoner, brings this petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Feb. 18, 2015 Petition ("Pet."), ECF

No. 2.)  On January 21, 2010, a jury convicted Petitioner of second-degree murder, N.Y. Penal

Law § 125.25(3), and first-degree robbery, N.Y. Penal Law § 160.15(1). (Pet., at 1.)  Petitioner

received a sentence of 25 years to life imprisonment. (Resp't's Mem. in Supp. of Ans. in Opp'n

to Pet., ECF No. 16, at 1.)

Petitioner bases his relief on three grounds.  First, the trial court improperly admitted

Petitioner's written and videotaped statements obtained during custodial interrogation.  (*See* Pet.,

at 2.)  Second, the trial court improperly admitted security footage obtained by police from the

crime scene.  (*Id.*)  Third, the interests of justice require Petitioner's sentence be reduced.  (*Id.*)

Before this Court is Magistrate Judge Gorenstein's Report and Recommendation

("Report," ECF No. 22), recommending that this Court deny petitioner's petition for habeas

corpus.[1]  (Report, at 18.)  Petitioner filed timely objections to the Report. (*See* Pet. Objections ("Pet. Obj."), ECF No. 25.)

This Court overrules Petitioner's objection and adopts Magistrate Judge Gorenstein's recommendation.  The petition for habeas relief is DENIED.

## I. LEGAL STANDARD

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

When there are objections to the Report, this Court must make a *de novo* determination as to the objected-to portions of the Report.  28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C).  The Court need not conduct a *de novo* hearing on the matter, as it is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)); *see United States v. Raddatz*, 447 U.S. 667, 675–76 (1980).

The pleadings of parties appearing *pro se* are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest." *See Belpasso v. Port Auth. of N.Y.*

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

& *N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (Summary Order) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)).  Nonetheless, even a *pro se* party's objections must be specific and clearly aimed at particular findings in the Report, such that no party is allowed a "second bite at the apple" by merely relitigating a prior argument.  *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal citation and quotation marks omitted).

If a party makes "only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007).  More specifically, "where the objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *Id.*

In his Report, Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.  (Report, at 18); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This Court takes each of Petitioner's objections in turn, applying *de novo* review as appropriate to those portions of the Report to which Petitioner has specifically objected. *See Ennis v. Artus*, No. 09 Civ. 10157, 2012 WL 3957046, at *1 (S.D.N.Y. Sept. 10, 2012). Petitioner only objects to the portion of the Report finding that he failed to present clear and convincing evidence that he did not waive his right against self-incrimination.  (Pet. Obj., at 2-3.)  Accordingly, this Court applies *de novo* review only to that portion and clear error to the remaining portions. *See Ennis*, 2012 WL 3957046, at *1.

3

Federal courts may not grant a writ of habeas corpus as to any claim adjudicated on the merits in state court unless the state court's adjudication:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bases his request for habeas relief solely on subsection (2), claiming that the trial court erred in admitting his statements made during custodial interrogation. *See* 28 U.S.C. § 2254(d)(2); (Pet., at 2.) The Supreme Court has held that unreasonable determination of the facts might be found "where the court ignored highly probative and material evidence." *Cardoza v. Rock*, 731 F.3d 169, 178 (2d Cir. 2013) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 346 (2003)). However, a federal court presumes a state court's factual determinations correct, and that presumption may only be rebutted "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *accord Miller-El v. Dretke*, 545 U.S. 231, 240 (2005). The "clear and convincing" standard is indeed stringent, counseling against habeas relief even where "reasonable minds reviewing the record might disagree as to the relevant finding." *Cardoza*, 731 F.3d at 178 (citation and internal quotation marks omitted). That is, a federal court may not overturn a state court's factual determination on the merits "unless [it is] objectively unreasonable in light of evidence presented in the state-court proceeding." *Cockrell*, 537 U.S. at 324 (citing 28 U.S.C. § 2254(d)(2)). That is, a state court's determination of the facts is unreasonable only if "reasonable minds could not disagree that the trial court misapprehended or misstated material aspects of the record in making its finding" or "where the court ignored highly probative and material evidence." *Cardoza*, 731 F.3d at 178 (citations omitted).

## II. ADMISSIBILITY OF PETITIONER'S STATEMENTS TO POLICE

Under the Fifth Amendment, an individual cannot be required "to be a witness against himself" in any criminal case. U.S. Const. amend. V.  While the Fifth Amendment protects against federal invasion, the Fourteenth Amendment extends that protection to cases of state infringement. *Missouri v. Seibert*, 542 U.S. 600, 607 (2004).  As a safe-guard against self-incrimination, a criminal defendant as the right to counsel during custodial interrogation. *See e.g. Edwards v. Ariz.*, 451 U.S. 477, 482 (1982) ("*Miranda* thus declared that an accused has a Fifth and Fourteenth Amendment right to have counsel present during custodial interrogation."). However, a defendant may waive this right so long as the waiver is made "voluntarily, knowingly, and intelligently." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

The Report found that, when presented with inconsistent testimony from the various detectives who testified in Petitioner's state suppression hearing on the one hand, and Petitioner and his half-brother's testimony on the other hand, regarding whether Petitioner requested counsel during his interrogation by Detective Mooney, the trial court reasonably chose to interpret the discrepancies in testimony unfavorable to Petitioner. (*See* Report, at 6.)  The Report further found that Petitioner "has not provided 'clear and convincing evidence' that the trial court's finding regarding the voluntariness of his waiver of the right to counsel must be set aside." (*Id.* at 15.) The Report reasoned that where the record supports the trial court's credibility determinations resolving conflicting evidence, federal courts presume those determinations correct. *See Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (internal citations omitted).

Petitioner objected to the Report's finding that Petitioner has "failed to meet the exacting standard for unreasonable determination of the facts . . . . ."  (Pet. Obj., at 2.)  Specifically, Petitioner argues that that the Report "misapprehended or misstated material aspects of the record"

when the Report concluded that the trial court was reasonable in accepting the detectives'
testimony over Mr. Sheppard's. (*See id.*, at 2-3.)

Even under a *de novo* standard of review, a revisit of the record does not support
Petitioner's contention that he presents clear and convincing evidence that Petitioner had requested
a lawyer through his brother *for the interrogation*, and that Detective Mooney disregarded such a
request in violation of the right against self-incrimination. (*See* RA 291-92, ECF No. 15-4.)
Detective Mooney testified that during his conversations with Mr. Sheppard, he did not receive a
request for counsel for Petitioner from Mr. Sheppard. (*Id.*)   Mr. Sheppard, on the other hand,
testified that Petitioner did, however, request to speak with the district attorney assigned to his
case, and Detective Mooney granted that request. (*See id.* at 292-93.)   The trial court was not
unreasonable in ultimately rejecting the parts of Mr. Sheppard's testimony at the motion to
suppress hearing, and finding that Petitioner had waived his right against self-incrimination and
right to counsel during custodial interrogation. (*See id.* at 296.)   Upon habeas review, a federal
district court must defer to a state court's determination of the facts unless "reasonable minds could
not disagree that the trial court misapprehended or misstated material aspects of the record in
making its finding" or "where the court ignored highly probative and material evidence." *Cardoza*,
731 F.3d at 178 (citations omitted).

Petitioner, relying only upon his own assertions and on his half-brother's testimony, has
not presented highly probative and material record evidence that the trial court improperly ignored.
*See id.*   Neither can all reasonable minds agree that the trial court misapprehended or misstated
material aspects of the evidence on the record before this Court. *See id.*   Accordingly, even under
*de novo* review, the Report did not err in finding that Petitioner fails to provide "clear and

convincing evidence" that the trial court was objectively unreasonable in denying Petitioner's motion to suppress. (Report, at 15.)

## III. ADMISSIBILITY OF SECURITY VIDEO FOOTAGE AND SENTENCE REDUCTION

Petitioner did not object to the Report's findings regarding his claims based on the admissibility of security video footage and reduction of his sentence in the interest of justice. Accordingly, this Court reviews those portions of the Report for clear error. *See Ennis*, 2012 WL 3957046, at *1.

Federal habeas corpus relief can be granted only where a state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Neither Petitioner's instant petition nor his state appellate brief makes reference to any federal constitutional right or principle that was violated by the purported lack of a chain of custody and improper foundation for the security video footage. (*See* Report, at 15.) Therefore, the Report properly concludes that Petitioner's claim with regard to the video must therefore be denied because it does not raise a federal claim. (*Id.* at 15).

With regard to Petitioner's request for a sentencing reduction pursuant to the Eighth Amendment's guarantee against cruel and unjust punishment, the Report correctly concluded that this is not the rare instance where a "reviewing court . . . [is] required to engage in an extended analysis to determine that a sentence is not constitutionally disproportionate." (*Id.* at 18 (quoting *Bethea v. Scully*, 834 F.2d 257, 261 (2d Cir. 1987) (internal citation and quotation marks omitted)). Petitioner has not asserted that the sentence imposed in his case was outside the range permitted by state law, (*id.*, at 18), and Petitioner's sentence of 25 years to life is plainly not grossly disproportionate to the crimes of murder and robbery. (*Id.*)

## VI. CONCLUSION

Having reviewed Magistrate Judge Gorenstein's Report and Recommendation, this Court overrules Petitioner's objections and adopts the Report in full. Petitioner's petition for a writ of habeas corpus is DENIED.

As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d. Cir. 1998); *United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444 (1962).

The Clerk of the Court is directed to close this case.

Dated: New York, New York
       November    , 2016
       **NOV 2 8 2016**

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

8